**AIRPARTS COMPANY, INC., a Kansas Corporation; and Marta E. Maxwell and Terry A. Gardner, Each In Their Capacity as Co–Trustees of the Airparts Company, Inc. Defined Benefit Pension Plan and Trust, Plaintiffs,**

v.

**CUSTOM BENEFIT SERVICES OF AUSTIN, INC., d/b/a First Actuarial Corporation, a Texas Corporation, Defendant.**

No. 92–1424–PFK.

United States District Court,
D. Kansas.

July 14, 1993.

Order Denying Reconsideration
July 29, 1993.

Paul Arabia, Wichita, KS, for plaintiffs.

Ann T. Rider, of Martin, Pringle, Oliver, Wallace & Swartz, Wichita, KS, Joseph H. Bocock, of McAfee & Taft, Oklahoma City, OK, for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

Plaintiffs allege three claims based on negligence, indemnity and common-law fraud against defendant First Actuarial Corporation. Plaintiffs, who are comprised of both the Airparts Company and the trustees of the company's pension plan, contend that defendant failed to properly administer Air-

parts Company's defined benefit pension plan and trust. Arguing that provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, preempt plaintiffs' claims, defendant moved to dismiss the suit.

In response, plaintiffs make three arguments against preemption: first, that their claims do not relate to the pension plan at issue; second, that even if the claims do relate to the plan, ERISA only preempts claims when the parties to the lawsuit are participants in or beneficiaries of the pension plan; and third, that ERISA does not preempt claims against nonfiduciaries. This case raises issues of first impression before this court that have yet to be decided by the Tenth Circuit.

Fed.R.Civ.P. 12(b)(6) permits a federal court to dismiss a complaint if it fails to state a claim upon which relief could be granted. Under Fed.R.Civ.P. 12(b)(6), a district court must evaluate the proffered legal theory on the assumption that the factual allegations, however fantastic, are true. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989).

Airparts is a Kansas corporation with its principal place of business in Wichita, Kansas. Plaintiff trustees are residents of Kansas. First Actuarial Corporation is a Texas corporation, transacting business under the laws of the states of Texas and Oklahoma, with its principal place of business in Oklahoma City, Oklahoma.

■ The question before the court is whether ERISA preempts plaintiffs' state law claims of negligence, indemnity, and common-law fraud. ERISA § 514(a), 29 U.S.C. § 1144(a), states:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws [1] insofar as they may now or hereafter relate to any employee benefit plan described in section

---

1. "State laws" include "all laws, decisions, rules, regulations, or other State action having the ef-

fect of law." 29 U.S.C. § 1144(c)(1).

1003(a) of this title and not exempt under section 1003(b) of this title.

This preemption clause's expansive language was designed to establish pension plan regulation as an exclusively federal concern. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 137, 111 S.Ct. 478, 482, 112 L.Ed.2d 474, 483 (1990).

 The key to ERISA preemption is found in the words "relate to". Those words are used in a broad sense to make the clause applicable to state laws that more than simply relate to specific subjects covered by ERISA. *Id.* A law "relates to" an employee benefit plan if it has a connection with or reference to the plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983). Thus, a state law may "relate to" an ERISA benefit plan and be preempted even if the law is not specifically designed to affect the plan or if the effect is only indirect. *McClendon,* 498 U.S. 133, 137, 111 S.Ct. 478, 482, 112 L.Ed.2d 474, 483 (1990); *Monarch Cement Co. v. Lone Star Indus., Inc.,* 982 F.2d 1448, 1452 (10th Cir.1992).

The purpose of ERISA preemption is two-fold. First, preemption protects the interests of employees and their beneficiaries in employee benefit plans. Second, preemption ensures that plans and their sponsors are subject to a uniform body of law by minimizing the burden of complying with conflicts between the state and the federal government. *Monarch,* 982 F.2d at 1453.

 The Tenth Circuit has held that common-law tort and breach of contract claims brought by employees are preempted by ERISA "if the factual basis of the cause of action involves an employee benefit plan." *Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 509 (10th Cir.1991). But ERISA does not preempt claims that are only tangentially involved with a benefit plan. *Id.*

 Generally, laws that affect the structure, the administration, or the type of benefits provided by an ERISA plan have been ruled preempted. Laws that have not been preempted are usually those having only some economic impact on the plan or those affecting the plan in too tenuous, remote, or

peripheral a manner. *Hospice of Metro Denver v. Group Health Ins.,* 944 F.2d 752, 754 (10th Cir.1991). Thus, a state law claim affecting the relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries, and the beneficiaries would be preempted by ERISA. *Id.* at 756. ERISA preemption is designed to ensure that plans and their sponsors are subjected to a uniform body of benefit law, thereby preventing inefficiencies working to the detriment of plan beneficiaries. *St. Francis Regional Medical Ctr. v. Blue Cross Blue Shield,* 810 F.Supp. 1209, 1213 (D.Kan.1992)

 The factual basis for plaintiffs' negligence claim involves three separate issues. First, plaintiffs argue that defendant failed to give timely notice. Defendant held itself out to be qualified to give expert pension plan advice. Plaintiffs argue that defendant failed to give notice to plaintiffs concerning the adverse effects of the Omnibus Budget Reconciliation Act of 1987 on the pension plan. According to plaintiffs, this failure to advise plaintiffs resulted in damages in the amount of $28,530.00 in excise taxes.

Plaintiffs also argue that defendant negligently advised plaintiffs to amend the pension plan, increasing the benefit formula of 43% of average monthly compensation to 59.3% as a means of correcting the overfunded problem of the plan. The plan was amended on September 9, 1990. Plaintiffs allege damages due to the costs of sustaining the amended plan.

Finally, plaintiffs allege negligence in the computation of benefits under the plan. Plaintiffs claim that the computation for three terminated employees was done with an inflated average monthly compensation and the errors for a fourth employee arose from an inflated benefit formula as well as incorrectly calculated retirement dates.

The state law of negligence alleged by plaintiffs clearly relates to the pension plan. The law of negligence in this case directly concerns the administration of the plan by the defendant and defendant's actions regarding the calculation and distribution of benefits under the plan. Although the claim is not against the fiduciary of the plan, the

alleged claim still affects the relationship between the trustees, the pension plan sponsor, the administrator, and the beneficiaries. The factual basis of the state law claim involves the employee benefit plan, and the claim obviously affects the relationship of the parties under the benefit plan. Thus, under the rationale of *Settles,* ERISA preempts the plaintiffs' state tort claim of negligence.

■ Plaintiffs' second cause of action is one for indemnity. Plaintiffs allege that defendant's mismanagement of the pension fund resulted directly in the trustees, and indirectly the employer Airparts Company, having to pay excessive pension benefits. The alleged negligence of defendant also resulted in plaintiffs having to pay excise taxes to the Internal Revenue Service due to the overfunded condition of the benefit plan.

As with the negligence cause of action, the claim for indemnity is based on facts arising out of the administration of the benefits plan. The claim is not tangentially associated with the plan, but instead is directly a result of the alleged negligence in administering the plan. The law of indemnity affects the relations among the principal ERISA entities and therefore has a connection with the plan. Thus, for the same reasons, this court finds that the state law indemnity claim relates to the pension plan.

■ Plaintiffs' third complaint alleges common-law fraud. Plaintiffs contend the defendant falsely represented that the amendment to the pension plan would effectuate the intended purpose of the plan. Also, plaintiffs allege that defendant knew that the changed plan would increase the costs of maintaining the pension benefits as well as increase excise taxes paid by plaintiffs.

This claim arises from the same factual basis as did the other two allegations and therefore involves the employee benefit plan. Plaintiffs' fraud claim relies upon facts relating to the administration of the pension plan. Furthermore, this state law claim would provide a remedy for misconduct growing out of the administration of the plan, a situation found to epitomize the need for ERISA preemption. *National Elevator Industry v. Calhoon,* 957 F.2d 1555, 1558–59 (10th Cir.),

*cert. denied,* —— U.S. ——, 113 S.Ct. 406, 121 L.Ed.2d 331 (1992); *St. Francis,* 810 F.Supp. at 1213. Thus, relying upon the Tenth Circuit's reasoning in *Settles* and *Calhoon,* this court finds that the state fraud claim also relates to the pension plan for purposes of preemption.

Even though these state law claims relate to the pension plan, the preemption analysis cannot end there. A question has been raised concerning the respective roles of the parties to this suit and whether preemption applies in this case.

Plaintiffs raise two arguments which might prevent preemption: (1) ERISA only preempts claims when the parties to the lawsuit are participants or beneficiaries in the pension plan; and (2) ERISA does not preempt claims against a nonfiduciary.

With respect to plaintiffs' first argument, the ERISA statute provides for civil causes of action by a "participant or beneficiary" to recover benefits under a plan or to enforce one's rights under a plan. 29 U.S.C. § 1132(a)(1)(B). But a fiduciary also has a cause of action under ERISA. In the case of a fiduciary, however, the cause of action is limited to a claim for breach of fiduciary duty against the plan administrators, a claim to enforce the plan, or a suit for other equitable relief. 29 U.S.C. § 1132(a)(3).

■ Under the statute, neither plaintiff qualifies as a "participant" or "beneficiary". 29 U.S.C. § 1002(7), (8); *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 940 F.2d 564, 581 n. 16 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 589, 116 L.Ed.2d 614 (1991). Airparts Company, however, does qualify as a "fiduciary" under the statute. 29 U.S.C. § 1002(21)(A). An employer who retains the power to alter the terms of the employee plan, to establish the amount of employer contributions to the plan, or to control the management of the plan may be deemed a fiduciary. *United States Steel Corp. v. Penn. Human Relations Comm.,* 669 F.2d 124 (3d Cir.1982). Plaintiff employer admits that it acted as the plan administrator. (Pltfs.' Response.) As the administrator of the pension plan, plaintiff employer qualifies as a fiduciary. 29 U.S.C.

§ 1002(14)(A). As a fiduciary, plaintiff employer has an equitable cause of action under ERISA. Given the congressional intent to preempt any state claims with the ERISA statute, plaintiff employer's claim is preempted.

The plaintiff trustees may also be characterized as fiduciaries. (Pltfs.' Response.) Because a trustee's duties inherently require the exercise of discretionary authority and responsibility, trustees will almost always be considered fiduciaries. Thus, they in fact have a cause of action under ERISA. The governmental intent that the ERISA statute should preempt all state law causes of actions relating to pension plans is clear from the 29 U.S.C. § 1144(a). Given that the trustees have a cause of action under ERISA, albeit an equitable one, their state law claims are similarly preempted.

Plaintiff Airparts Company, as employer, and plaintiff trustees qualify as fiduciaries under the statute, and thus have civil causes of action under ERISA to enjoin the plan, or for other equitable relief. Because the plaintiffs' state law claims relate to the plan, plaintiffs' state claims are apparently preempted by ERISA.

Plaintiffs, however, raise one final argument against ERISA preemption in the present context. Plaintiffs argue that ERISA does not preempt claims against nonfiduciaries. If ERISA does not preempt claims against nonfiduciaries, then plaintiffs are free to pursue their present claims against defendant. If, however, ERISA preempts claims against nonfiduciaries, then plaintiffs' causes of action must fail.

■■■ The first question for this court is, therefore, whether or not defendant is a nonfiduciary. A "plan fiduciary" is anyone who exercises discretionary control over the management or administration of the plan or renders investment advice for a fee or other compensation. 29 U.S.C. § 1002(21)(A). Defendant was a consultant to the plan administrators. As a consultant, defendant did not exercise management or administrative control over the pension plan. Furthermore, at oral argument, both parties agreed that defendant was a nonfiduciary.

■■■ Having determined that defendant is a nonfiduciary, the court must next resolve the question of whether or not ERISA preempts claims against nonfiduciaries. The Tenth Circuit has recognized a split in authority over whether or not ERISA claims can be brought against parties other than plan fiduciaries. *Uselton,* 940 F.2d at 583–84. Although the court vaguely suggested that ERISA does not allow for suits against non-fiduciaries, the Tenth Circuit failed to align itself with either line of authority regarding this issue.

Some courts seem to support the holding that ERISA preempts state law claims against a nonfiduciary because they hold that claims can be brought against nonfiduciaries under ERISA. *Gibson v. Prudential Ins. Co.,* 915 F.2d 414, 418 (9th Cir.1990); *Lowen v. Tower Asset Management, Inc.,* 829 F.2d 1209, 1220 (2d Cir.1987); *Casper Air Serv. v. Sun Life Assurance Co. of Canada,* 752 F.Supp. 1005, 1009 (D.Wyo.1990). *Lowen* reasoned that recovery against nonfiduciaries was possible under ERISA because recovery is derived from trust law principles upon which ERISA is based. *Lowen,* 829 F.2d at 1220. Also, the court held that parties who knowingly participate in fiduciary breaches are liable under ERISA to the same extent as the fiduciaries. *Id.* Similarly, the court in *Casper* held that because claims can be brought against nonfiduciaries under ERISA, and because ERISA's preemption should be read broadly, ERISA must preempt state law claims against nonfiduciaries.

In *Mertens v. Hewitt Associates,* —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), the Supreme Court was recently called upon to decide whether or not a plaintiff has a cause of action for money damages against a nonfiduciary who knowingly participates in the breach of a fiduciary duty imposed by ERISA. Plaintiffs were employees of the Kaiser Steel Corporation and had participated in the Kaiser pension plan. Respondent was the plan's actuary. As the actuary, respondent failed to change the plan to reflect additional costs imposed by the early retirements of a large number of the plan participants. The plan's assets became insufficient to satisfy the benefit obligations, causing the

termination of the plan. Petitioners sued the fiduciaries of the plan for breach of fiduciary duties and sued the actuary for failing to disclose the fund's insufficient resources. Petitioners sought monetary relief against the actuary. The Court held that, assuming a cause of action can be brought against a nonfiduciary, ERISA does not authorize suits for money damages against nonfiduciaries who knowingly participate in a fiduciary's breach of fiduciary duty.

The Court was clear to limit its holding to the issue of monetary damages, and did not actually determine whether nonfiduciaries could be sued under ERISA. Justice White, writing for a four-person dissent, however, did address the issue. The dissent found that the statute clearly does not bar a suit against a nonfiduciary. Furthermore, the dissent found that even monetary remedies should be available against nonfiduciaries. Justice Scalia, writing for the majority, was quick to point out that just because the statute does not bar such a suit, it does not necessarily follow that the statute authorizes a suit against a nonfiduciary. While, Justice Scalia's reasoning may be technically accurate, the majority did not ever decide the issue of whether suits against nonfiduciaries are valid under ERISA. The majority merely held that if suits are available against nonfiduciaries, then these suits could only be for equitable relief. The dissent, however, set forth its reasoning that claims against nonfiduciaries are generally not barred by ERISA. Thus, the guiding message from *Mertens* for lower courts seems to be that suits against nonfiduciaries can be brought under the statute, but only for equitable relief.

For these reasons, this court finds that plaintiffs can bring their claims against the nonfiduciary, First Actuarial Corporation, under ERISA for equitable relief. Given the wording of 29 U.S.C. § 1144(a), the statute clearly intends to preempt all state law claims where ERISA provides relief. Although the relief available is only equitable in nature, plaintiffs do have a viable claim against defendant under ERISA. ERISA therefore preempts plaintiffs' claims brought under state law.

IT IS ACCORDINGLY ORDERED this 13 day of July, 1993, that defendant's motion to dismiss plaintiffs' state law claims based on ERISA preemption (Dkt. No. 2) is hereby granted.

## MEMORANDUM AND ORDER ON RECONSIDERATION

In response to this court's earlier order of July 14, 1993, granting defendant's motion to dismiss plaintiffs' claims due to ERISA preemption, plaintiffs have moved for reconsideration. In summary, plaintiffs' motion is denied.

■ A motion to reconsider gives the court an opportunity to correct "manifest errors of law or fact and to review newly discovered evidence." *Dees v. Wilson,* 796 F.Supp. 474, 475 (D.Kan.1992). Thus, the motion will be granted where the court has "obviously misapprehended a party's position, the facts, or mistakenly has decided issues not presented for determination." *Id.*

Plaintiffs' first argument is that this court misperceived the role of defendant First Actuarial Corporation. The court was well aware that the defendant provided consulting services to the plan and that plaintiff Airparts Company acted as the plan administrator. This court also stated that the defendant had no administrative control over the plan. This court may, however, have used terms that loosely characterized defendant's role. When the court referred to the defendant administering the plan in question, the court was commenting on the administrative services provided by defendant, such as providing advice. Plaintiffs have admitted that defendant provided "administrative services" (Pltfs.' Response, at p. 2), and the use of this term has caused some confusion in defendant's motion to dismiss as well.

To clarify, when the court commented on problems in defendant's administration of the plan, this court was referring to defendant's dispensation of administrative services. Similarly, when discussing defendant's mismanagement of the plan, this court was referring to the defendant's alleged negligence in providing advice for plaintiff Airpart's effective management of the plan. Defendant's al-

leged problems in providing its administrative services, such as giving advice and doing so in a timely fashion, affected the ultimate administration of the plan by plaintiff Airparts. Although this court may have confused plaintiffs through its loose distinctions between Airpart's administration of the plan and defendant's provision of administrative services, the underlying analysis is unaffected. For the same reasons as detailed in this court's previous order, the claims do relate to the plan and thus are preempted by ERISA.

Plaintiffs' second argument concerns the legal basis on which this court's previous order was grounded. Plaintiffs argue with this court's reading of several cases, but most particularly *Mertens v. Hewitt Associates,* 508 U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). This court is well aware that plaintiffs' argument concerning the relationship between ERISA and nonfiduciary defendants evokes an unsettled area of law. As this court pointed out in its earlier order, the Supreme Court in *Mertens* failed to answer this question. Although this court could not look to the majority in *Mertens* to address the issue, this court did receive guidance from the reasoning of the dissent. Because the question has not been answered by the Court, there is no precedent to which this court is bound. Furthermore, because the dissent provided this court with some clear, thoughtful analysis, that rationale can be used to address the issue presently before this court. Plaintiffs' implication that a dissenting opinion of the United States Supreme Court should be disregarded, especially in the instant case where the majority expressly reserved comment on an issue, is misplaced.

Additionally, plaintiffs state that a lower court must adopt the entire opinion of either the majority or the minority in order to use a Supreme Court opinion rationally. In any case where the Court's holding does not specifically address the issue before the lower court, the lower court may look to the general reasoning of the Court for guidance. In this case, the majority did not speak to the issue of whether actions against nonfiduciaries are viable under ERISA. Thus, this court may look to the reasoning of the dissent which more fully addressed that question. But this court should not follow the dissent's view that plaintiffs would be entitled to damages because the majority, assuming that such actions were viable, expressly rejected the damages claim. This court's reading of *Mertens* is far from impermissible. Unlike the highest court opinions from a country such as France, the Cour de Cassation, where the justices do not write dissenting opinions, this country's highest court has consistently penned dissenting views where appropriate. The reasoning of these dissenting opinions may provide invaluable guidance where there is no controlling precedent on point. Such is the case here.

IT IS ACCORDINGLY ORDERED this 29 day of July, 1993, that plaintiffs' motion to reconsider this court's July 14, 1993 order (Dkt. No. 8) is hereby denied.