28 F.3d 1062
 63 USLW 2041, 18 Employee Benefits Cas. 1616
 AIRPARTS COMPANY, INC., a Kansas corporation; Marta E.
Maxwell, Terry A. Gardner, each in their capacity as
co-trustees of the Airparts Company, Inc. Defined Benefit
Pension Plan and Trust, Plaintiffs-Appellants,
v.
CUSTOM BENEFIT SERVICES OF AUSTIN, INC., d/b/a First
Actuarial Corporation, Defendant-Appellee.
 No. 93-3268.
 United States Court of Appeals,
Tenth Circuit.
 June 30, 1994.
 
 Paul Arabia, Wichita, KS, for plaintiffs-appellants.
 Joseph H. Bocock, Michael F. Lauderdale, Oklahoma City, OK, for defendant-appellee.
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 Plaintiffs, residents of Kansas and co-trustees of an ERISA plan, filed a complaint in federal district court against First Actuarial Corporation (FAC), a Texas corporation, alleging negligence, implied indemnity, and fraud. Concluding that the state law claims were preempted by ERISA, the district court dismissed the complaint. Airparts Co. v. Custom Benefit Servs. of Austin, Inc., 828 F.Supp. 870, 876 (D.Kan.1993). Because we do not agree that the claims here relate to an ERISA plan, we reverse.[1]
 
 
 2
 As an initial matter, we deny defendant's motion to dismiss this appeal. As part of its analysis in dismissing plaintiffs' claims because of preemption, the district court concluded that plaintiffs could bring their claims against defendants for equitable relief. Id. Defendant seizes upon this dicta to argue that the order of the district court is not final. It is clear from the overall tenor of the district court's order, however, that the order is final, and that no claims remain to be disposed of by the district court. Further, any elaboration by the district court on the possibility of equitable relief for plaintiffs was purely academic since plaintiffs' complaint did not request such relief.
 
 
 3
 We now turn to the merits of this appeal. Whether plaintiffs' state law claims are preempted by ERISA is a question of law which we review de novo. See National Elevator Indus., Inc. v. Calhoon, 957 F.2d 1555, 1557 (10th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 406, 121 L.Ed.2d 331 (1992). The district court's dismissal under Fed.R.Civ.P. 12(b)(6) is similarly subject to de novo review to determine whether plaintiffs were legally able to prove any set of facts in support of their claim which would entitle them to relief. Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc., 944 F.2d 752, 753 (10th Cir.1991).
 
 
 4
 Plaintiffs are Airparts Company, Inc. (Airparts) and the co-trustees of the Airparts ERISA plan. As noted above, they brought state law claims of negligence, implied indemnity, and common law fraud against FAC, a firm hired by plaintiffs to provide expert benefit plan consultation. Plaintiffs specifically alleged that FAC failed to give timely advice to plaintiffs on the effects of the Omnibus Budget Reconciliation Act of 1987, improperly calculated pension benefits, proposed and drafted a useless plan amendment, and deliberately concealed the cost of the amendment and its eventual uselessness from plaintiffs. It is important to bear in mind, as we begin our analysis, that FAC was an outside consultant hired to advise the plan's trustees. FAC was not a fiduciary, nor was it the administrator of the plan; that role was assigned to Airparts. Airparts Co., 828 F.Supp. at 874.
 
 
 5
 The relevant part of the ERISA preemption provision is found at 29 U.S.C. Sec. 1144(a):
 
 
 6
 [T]he provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....
 
 
 7
 29 U.S.C. Sec. 1144(a) (emphasis added). This case requires us to decide whether Sec. 1144 preempts plaintiffs' state law claims.
 
 
 8
 Before preemption will be found, three requirements must be met. "There must be a state law, an employee benefit plan, and the state law must 'relate to' the employee benefit plan." National Elevator, 957 F.2d at 1557 (footnote omitted). There is no dispute here that plaintiffs' claims are based on state law and that the Airparts plan is an employee benefit plan under ERISA. The issue is whether plaintiffs' state law claims "relate to" the Airparts plan.
 
 
 9
 "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-2900, 77 L.Ed.2d 490 (1983) (footnote omitted). Thus, even if a state law is not specifically directed toward the regulation of an ERISA plan or affects such a plan only indirectly, it can still be found to "relate to" a plan. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990).
 
 
 10
 "There is no simple test for determining when a law 'relates to' a plan." National Elevator, 957 F.2d at 1558. This circuit has recognized four categories of laws which have been held preempted because they "relate to" ERISA plans. Those are:
 
 
 11
 First, laws that regulate the type of benefits or terms of ERISA plans. Second, laws that create reporting, disclosure, funding, or vesting requirements for ERISA plans. Third, laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans. Fourth, laws and common-law rules that provide remedies for misconduct growing out of the administration of the ERISA plan.
 
 
 12
 Id. at 1558-59 (quoting Martori Bros. Distribs. v. James-Massengale, 781 F.2d 1349, 1356-57 (9th Cir.), cert. denied, 479 U.S. 1018, 107 S.Ct. 670, 93 L.Ed.2d 722 (1986) (footnotes omitted)).
 
 
 13
 On the other hand, laws of general application--not specifically targeting ERISA plans--that involve traditional areas of state regulation and do not affect "relations among the principal ERISA entities--the employer, the plan, the plan fiduciaries, and the beneficiaries"--often are found not to "relate to" an ERISA plan.
 
 
 14
 Id. at 1559 (quoting Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550, 555-56 (6th Cir.1987)).
 
 
 15
 We acknowledge that the ERISA preemption provision is " 'deliberately expansive.' " Settles v. Golden Rule Ins. Co., 927 F.2d 505, 508 (10th Cir.1991) (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987)), and that "relate to" is to be given its "broad common-sense meaning," id. (quoting Pilot Life, 481 U.S. at 47, 107 S.Ct. at 1553). That does not mean, however, that ERISA preemption is unlimited. "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." Shaw, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. " 'What triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit.' " Monarch Cement Co. v. Lone Star Indus., Inc., 982 F.2d 1448, 1452 (10th Cir.1992) (quoting Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 146-47 (2d Cir.), cert. denied, 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989)).
 
 
 16
 In Monarch Cement, 982 F.2d 1448, this court summarized the type of state law claims which fall on either side of preemption:
 
 
 17
 [L]aws that have been ruled preempted are those that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them, or interfere with the calculation of benefits owed to an employee. Those that have not been preempted are laws of general application--often traditional exercises of state power or regulatory authority--whose effect on ERISA plans is incidental.
 
 
 18
 Id. at 1452. As long as a state law " 'does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the [law] has some economic impact on the plan does not require that the [law] be invalidated.' " Hospice of Metro Denver, 944 F.2d at 754 (quoting Rebaldo v. Cuomo, 749 F.2d 133, 139 (2d Cir.1984), cert. denied, 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985)). Even in instances where a plan might potentially be liable for a judgment, that fact alone is not enough to relate the action to the plan. See Hospice of Metro Denver, 944 F.2d at 755.
 
 
 19
 Ultimately, if there is no effect on the relations among the principal ERISA entities--the employer, the plan, the plan fiduciaries, and the beneficiaries--there is no preemption. Id. at 756. As a corollary, actions that affect the relations between one or more of these plan entities and an outside party similarly escape preemption. Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 249 (5th Cir.1990).
 
 
 20
 In applying these factors, it is clear that the state law claims here do not relate to an ERISA plan. The state laws involved do not regulate the type of benefits or terms of the plan; they do not create reporting, disclosure, funding, or vesting requirements for the plan; they do not affect the calculation of benefits; and they are not common law rules designed to rectify faulty plan administration. See National Elevator, 957 F.2d at 1558-59. Similarly, plaintiffs are not employees resorting to state law to avail themselves of an alternative cause of action to collect benefits, nor do the state laws here specifically apply to ERISA plans or interfere with the calculation of benefits. See Monarch Cement, 982 F.2d at 1452.
 
 
 21
 On the contrary, state laws of negligence, indemnity, and fraud are "laws of general application--not specifically targeting ERISA plans--that involve traditional areas of state regulation and do not affect 'relations among the principal ERISA entities.' " National Elevator, 957 F.2d at 1559 (citation omitted); see also Hospice of Metro Denver, 944 F.2d at 756 (no preemption unless there is an effect on the relations among the principal ERISA entities).
 
 
 22
 Plaintiffs' state law claims against FAC do not have and will not have any effect whatsoever on the relations among the traditional plan entities. Those principals, the employer, the plan, the plan fiduciaries, and the beneficiaries, are united in their efforts to secure redress from defendants. A recovery from defendants will increase the coffers of the plan; a defeat will mean that the plan has expended money in fruitless litigation. Such a tangential effect, however, is not enough to relate these state law claims to the plan itself. Cf. id. at 755 (even the potential liability of a plan for a judgment is insufficient to relate an action to the plan).
 
 
 23
 Additionally, these claims will not affect the structure, the administration, or the type of benefits provided by the plan. See id. at 754. Plaintiffs make no claim based on any rights under the plan; there is no allegation that any of the plan's terms have been breached. Nor is there any effort to enforce or modify the terms of the plan. Finally, there is no threat that, by allowing this suit to go forward, conflicting regulations will emerge which will destroy the structural unity of the ERISA scheme. See Joos v. Intermountain Health Care, Inc., 25 F.3d 915, 917 (10th Cir.1994) ("If elements of the ERISA plan are inherently part of the factual basis of the ... lawsuit, the lawsuit is preempted in part because of the possibility of inconsistent or contradicting interpretations.").
 
 
 24
 In Settles, 927 F.2d at 509, we noted that our case law "has found that common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan." The cases cited for that proposition, however, and Settles itself, involved efforts by beneficiaries to undo some allegedly improper act of plan administration. See id. (claims ultimately requiring a finding that defendant wrongfully terminated coverage); Kelley v. Sears, Roebuck & Co., 882 F.2d 453, 455 (10th Cir.1989) (claim for bad faith handling of claims); Straub v. Western Union Tel. Co., 851 F.2d 1262, 1263 (10th Cir.1988) (claims for failure to include plaintiff in more lucrative plan and for negligent misrepresentation regarding the effect on benefits of plaintiff's transfer to subsidiary); Pane v. RCA Corp., 868 F.2d 631, 634 (3d Cir.1989) (contract and tort claims arising from plan's failure to provide employee with severance package); Johnson v. District 2 Marine Eng'rs Beneficial Ass'n, 857 F.2d 514, 515 (9th Cir.1988) (denial of claim under medical plan). This case presents no such situation. The plan administrator here is Airparts, one of the plaintiffs. FAC was not a plan administrator. It was simply an outside consultant which did not directly perform any administrative act vis-a-vis the plan.
 
 
 25
 We have held that the ultimate touchstone in determining preemption is the congressional purpose in enacting ERISA. Hospice of Metro Denver, 944 F.2d at 755. The purpose of ERISA is
 
 
 26
 to protect ... the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.
 
 
 27
 29 U.S.C. Sec. 1001(b); see Hospice of Metro Denver, 944 F.2d at 755. We see no congressional purpose to be furthered by denying an ERISA plan a state cause of action against allegedly negligent third-party service providers.
 
 
 28
 Our conclusion that plaintiffs' claims are not preempted is supported by other courts. In Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988), the Supreme Court noted that ERISA plans may be sued for "run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan," even though such suits obviously affect and involve the plan. Mackey held that state law attachment of ERISA welfare plans is not precluded, id. at 838, 108 S.Ct. at 2190, irrespective of the fact that such attachment procedures intrude significantly upon the trustees and the plan, id. at 831, 108 S.Ct. at 2186, and that plan beneficiaries may be prevented from getting benefits because of attachment, id. at 831-32, 108 S.Ct. at 2186-87.
 
 
 29
 The Third Circuit has interpreted Mackey to mean that ERISA "does not generally preempt state professional malpractice actions." Painters of Phila. Dist. Council No. 21 Welfare Fund v. Price Waterhouse, 879 F.2d 1146, 1153 n. 7 (3d Cir.1989). In Painters, the court observed:
 
 
 30
 We feel that professional malpractice actions brought by a plan are directly analogous to the situation in Mackey, and that, in the absence of an explicit corresponding provision in ERISA allowing a professional malpractice cause of action, Congress did not intend to preempt a whole panoply of state law in this area.
 
 
 31
 Id. Painters went on to hold that, because malpractice is traditionally an area of state concern, and because there is absolutely no indication that Congress intended to imply a cause of action under ERISA for professional malpractice, state malpractice claims are not preempted. Id. at 1152-53 & n. 7.
 
 
 32
 Similar results in cases involving professional malpractice were reached in Hanovi Corp. v. San Francisco Pension Corp., No. C-93-2822 MHP, 1993 WL 548809, at * 4 (N.D.Cal. Dec. 15, 1993) (plaintiffs' claim under state negligence law held not to impact plan "in any way"), and New Orleans Sheet Metal Workers' Local 11 Health & Welfare Fund v. ABC Insurance Co., No. 90-1889, 1990 WL 103118, at * 3 (E.D.La. July 16, 1990) (holding that a malpractice claim "relate[d] solely to a state law duty arising from the relationship between an attorney and his or her client," and does not involve a relationship between the principal ERISA entities).
 
 
 33
 We are aware of defendant's argument that plaintiffs' complaint did not specifically plead malpractice as such. Malpractice, however, and professional negligence are synonymous. See Frank v. Bloom, 634 F.2d 1245, 1257 (10th Cir.1980). Further, the analysis developed here does not depend on a claim of malpractice per se; under the circumstances of this case, none of plaintiffs' claims, whether denominated as malpractice or not, are related closely enough to the plan to be preempted.
 
 
 34
 Because we conclude that these state law claims do not relate to the plan, we need not discuss whether ERISA generally preempts claims relating to an ERISA plan but brought against nonfiduciaries. See Mertens v. Hewitt Assocs., --- U.S. ----, ---- n. 5, 113 S.Ct. 2063, 2068 n. 5, 124 L.Ed.2d 161 (1993); Uselton v. Commercial Lovelace Motor Freight, Inc., 940 F.2d 564, 583-84 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 589, 116 L.Ed.2d 614 (1991).
 
 
 35
 The judgment of the United States District Court for the District of Kansas is REVERSED, and this case is REMANDED for further proceedings.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument