**Ross L. MILLER, as Trustee of the S.H. Legitt Company Amended and Restated Employees' Pension Plan, Plaintiff,**

v.

**RETIREMENT FUNDING CORPORATION, Defendant.**

No. 1:94-CV-679.

United States District Court, W.D. Michigan, Southern Division.

Dec. 5, 1996.

David C. Sarnacki, Miller Johnson Snell & Cummiskey, Grand Rapids, MI, for Plaintiff.

David R. Levin, Reish & Luftman, Washington, DC, for Defendant.

**OPINION OF THE COURT**

McKEAGUE, District Judge.

This case presents a seven-count complaint, asserting that defendant Retirement Funding Corporation, in its provision of investment advice services, breached various duties owed to the S.H. Legitt Company Amended and Restated Employees' Pension Plan. The Plan is an employee benefit plan established and maintained pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* On behalf of the Plan, Trustee Ross L. Miller alleges in counts I, II and III that defendant breached certain fiduciary duties, as defined in ERISA, U.S.C. §§ 1104, 1106, actionable under ERISA, 29 U.S.C. § 1132. Counts IV through VII contain state law claims for negligence, breach of contract, fraud and misrepresentation, and unjust enrichment. The state law claims are based essentially on the same conduct as the ERISA claims.

Now before the Court is defendant's motion for summary judgment. Defendant contends plaintiff lacks standing, as a "former trustee," to prosecute the stated ERISA claims. Defendant also contends the ERISA claims are time-barred and the state law claims are preempted.

Defendant's motion for summary judgment requires the Court to look beyond the pleadings and evaluate the facts to determine whether there is a genuine issue of material fact that warrants a trial. See generally *Barnhart v. Pickrel, Schaeffer & Ebeling Co.,* 12 F.3d 1382, 1388–89 (6th Cir.1993). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct.

2505, 2510, 91 L.Ed.2d 202 (1986). An issue of fact concerns "material" facts only if establishment thereof might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of plaintiff's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Production of a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson, supra,* 477 U.S. at 251, 106 S.Ct. at 2511–12. The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Ind. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The Court has discretion to grant the motion if a claim is, in the factual context, implausible. *Id.; Barnhart, supra,* 12 F.3d at 1389.

## I. STANDING

■ First, defendant asks for summary judgment on the ERISA claims contained in counts I, II and III because plaintiff Ross Miller, as Trustee of the Plan, lacks standing, inasmuch as the Plan has been terminated since the inception of this case. It is undisputed that the Plan is in the process of being converted from a defined benefit plan to a defined contribution plan. This conversion results by operation of law in the termination of the old benefit plan. See 29 U.S.C. § 1341(e). According to PBGC Form 500 ("Standard Termination Notice") filed by the Plan with the Pension Benefit Guaranty Corporation, the termination is effective as of January 15, 1996. See 29 U.S.C. § 1348(a)(1). If the Plan has effectively been terminated, defendant argues, then plaintiff, as *former* Trustee of the *former* Plan, lacks standing to proceed under ERISA. Only "participants," "beneficiaries," "fiduciaries," and the Secretary of Labor may bring an action under ERISA. 29 U.S.C. § 1132; *Swinney v. General Motors Corp.,* 46 F.3d 512, 518 (6th Cir.1995). A trustee is a fiduciary, but, defendant argues, a former trustee is not.

Plaintiff contends the conversion process is still in process, that the Plan has not been actually terminated, that the conversion process can be voided at any time before it is completed, that completion of the conversion process may be prolonged indefinitely, and that the termination, therefore, is not actually effective until the conversion process is completed. Further, plaintiff argues that amendment or conversion of the Plan should not destroy his standing because this action is brought for the benefit of Plan participants, who remain the same before and after the conversion.

Plaintiff's response is not persuasive. There is no genuine issue of material fact. The governing law is clear. Under 29 U.S.C. § 1341(e), the adoption of an amendment to an employee benefit plan which causes it to become a defined contribution plan constitutes a termination of the employee benefit plan. The termination date is that proposed in the notice of termination, January 15, 1996. See 29 U.S.C. § 1348(a)(1). Plaintiff's argument that the termination is not really effective because it may be reversed contradicts the language of ERISA and is not supported by any authority.

Once the Plan was terminated, plaintiff's status necessarily changed from Trustee to former Trustee. As former Trustee, plaintiff lacks standing to assert ERISA claims for breaches of fiduciary duties. *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 14–15 (2nd Cir.1991), *cert. denied,* 505 U.S. 1212, 112 S.Ct. 3014, 120 L.Ed.2d 887 (1992); *Int'l Union of Bricklayers & Allied Craftsmen v. Gallante,* 938 F.Supp. 196, 200 (S.D.N.Y.1996); *Duncan v. Santaniello,* 900 F.Supp. 547, 556 (D.Mass.1995).

To the extent former Plan participants may have interests that should be recognized under ERISA, see *Swinney, supra,* 46 F.3d at 518–19, it is incumbent on the former participants to pursue their rights; plaintiff can no longer do so.

Accordingly, defendant is entitled to summary judgment on the ERISA claims assert-

ed by plaintiff in counts I, II and III of the first amended complaint.[1]

## II. PREEMPTION

Defendant challenges the state law claims contained in counts IV through VII, arguing they are brought by the Trustee of an employee benefit plan, that any recovery would inure to the benefit of participants in the Plan, and that therefore they "relate to" the Plan. Observing that ERISA broadly preempts state law claims that relate to any employee benefit plan, 29 U.S.C. § 1144, defendant argues plaintiff's state law claims should be dismissed as preempted.

Plaintiff acknowledges that if defendant is held to be a "fiduciary" under ERISA, 29 U.S.C. § 1002(21)(A), then its ERISA remedies are exclusive and the state law claims are preempted. The state law claims have been asserted in the alternative, plaintiff explains, so that if defendant's complained of conduct were determined to be non-fiduciary services not actionable under ERISA, plaintiff could pursue its state law remedies. Whether defendant is or is not a fiduciary under ERISA is a question the parties have not addressed to the Court. For purposes of determining the viability of plaintiff's state law claims, therefore, the Court assumes de-

fendant is not a fiduciary, as defined at 29 U.S.C. § 1002(21)(A). If defendant is not a fiduciary, then plaintiff contends, ERISA provides no remedy and, notwithstanding its broad preemption of state laws that relate to an ERISA plan, does not preempt where it provides no remedy.

The governing standards are summarized in *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395, 1401 (6th Cir.1995) (citations omitted):

> ERISA preempts state law claims that "relate to" any employee benefit plan. "The pre-emption clause is conspicuous for its breadth.... [A] law relates to an employee welfare plan if it has 'a connection with or reference to such a plan.'" Congress used the words "relate to" in their broad sense. Moreover, "State law" was defined using equally broad language, to include "all laws, decisions, rules, regulations, or other State action having the effect of law." Thus, "[u]nder this 'broad common-sense meaning,' a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect."

In count II, plaintiff alleges defendant breached fiduciary duties by failing to diversify the investments of the Plan so as to minimize the risk of large losses. Specifically, plaintiff complains that a substantial portion of Plan assets were invested in the Inter–American annuity contracts. The original investment was made in 1983. Plan trustees had knowledge of the lack of diversification as early as 1983 and plaintiff has failed to demonstrate any reason why the failure to complain until 1994 should be excused. Count II is time-barred.

In count III, plaintiff alleges defendant breached fiduciary duties by accepting commissions from Inter–American in connection with investment of Plan funds, a "prohibited transaction" under ERISA. Again, defendant has adequately demonstrated that Plan trustees knew or must be deemed to have known that commissions were paid to defendant's agents in connection with Inter–American investments more than three years before this action was commenced. No reasonable trier of fact could conclude otherwise. Therefore, the claim asserted in count III is also time-barred.

---

1. It is apparent, moreover, that even if plaintiff were able to overcome the standing challenge, at least two of the three ERISA claims would be time-barred. Under 29 U.S.C. § 1113, an action for breach of fiduciary duty must be commenced within six years after the date of the last action which constituted a part of the breach, or within three years after the earliest date on which plaintiff had actual knowledge of the breach, whichever is earlier.

    In count I, plaintiff alleges defendant breached fiduciary duties by failing to exercise the care, skill, prudence and diligence that a prudent man acting in a like capacity would have used in investing Plan funds and monitoring such investments. Plaintiff contends there was no reason to question defendant's investment advice until December 1991 when the Plan received notice that Inter–American Insurance Company of Illinois, the issuer of annuity contracts purchased by the Plan, had been placed in receivership. On the present record, questions of fact remain that preclude a ruling that count I is time-barred. If the Plan trustees did not know or have reason to know that defendant's investment advice had been faulty until December 1991, then the count I claim is timely, this action having been commenced in October 1994.

184

■ Here, plaintiff's state law claims seek to recover damages allegedly caused by defendant's negligent, fraudulent, or otherwise wrongful investment advice, resulting in depletion of Plan assets. Viewed on their face, plaintiff's allegations certainly have a connection with or reference to an ERISA plan. Yet, this "relatedness" is not entirely determinative. The Sixth Circuit has observed that ERISA does not preempt claims for which it does not provide a remedy:

> We have said that although "ERISA will not preempt state law claims based on wrongs for which ERISA provides no remedies, ... where rights are guaranteed by ERISA, the remedy for such rights under ERISA is exclusive. Moreover, Congress constructed ERISA so that the statute will preempt most state law claims." .... "It is not the label placed on the state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit."

*Id.* (citations omitted). Thus, a state law claim may not be so related to an ERISA plan as to trigger preemption unless it either seeks recovery of plan benefits or seeks to right a wrong otherwise remediable under ERISA.

■ Plaintiff's state law claims do not seek recovery of ERISA plan benefits per se. Yet, if ERISA provides a remedy for wrongful investment advice—however such wrong may be characterized in a legal claim—then the ERISA remedy is exclusive.

ERISA clearly provides such a remedy. A person who renders investment advice with respect to plan funds may be a fiduciary under 29 U.S.C. § 1002(21)(A), obliged to observe fiduciary duties prescribed at 29 U.S.C. §§ 1104(a) and 1106, enforceable by action under 29 U.S.C. § 1132. That defendant was, for present purposes, presumptively not a fiduciary in its rendering of investment advice does not alter the fact that Congress has provided a remedy in ERISA for misfeasance in the rendering of investment advice. Neither does it matter that that remedy may be unavailable to plaintiff—either for his lack of standing or for defendant's lack of fiduciary status. See *Zuniga,*

*supra,* 52 F.3d at 1401 (that ERISA remedy is not available does not mean that no remedy exists). ERISA does provide a remedy and, pursuant to *Zuniga,* that remedy is exclusive, preempting state law claims based on the same misfeasance, irrespective of how they may be labeled. See also *Fink v. Union Central Life Ins. Co.,* 94 F.3d 489, 493 (8th Cir.1996) (ERISA's carefully drafted enforcement provisions deemed strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly); *Custer v. Pan American Life Ins. Co.,* 12 F.3d 410, 419 (4th Cir.1993) (state law claims against nonfiduciaries are preempted; "generalized contention that there should be some form of action available against nonfiduciaries is insufficient to overcome the specific language of the statute which provides for preemption of any claim that relates to an employee benefit plan.")

The Court is not oblivious to the growing body of caselaw recognizing that state law claims brought on behalf of an ERISA plan in connection with professional services rendered to the plan are not preempted. See *Custer v. Sweeney,* 89 F.3d 1156, 1166–67 (4th Cir.1996); *Airparts Co. v. Custom Benefit Services of Austin, Inc.,* 28 F.3d 1062, 1064–65 (10th Cir.1994); *All Risks, Ltd. v. Equitable Life Assurance Society,* 931 F.Supp. 409, 418 (D.Md.1996); *Padeh v. Zagoria,* 900 F.Supp. 442, 448 (S.D.Fla.1995); *Redall Ind., Inc. v. Wiegand,* 876 F.Supp. 147, 152 (E.D.Mich.1995); *Bourns, Inc. v. KPMG Peat Marwick,* 876 F.Supp. 1116, 1122 (C.D.Cal.1994); *Berlin City Ford, Inc. v. Roberts Planning Group,* 864 F.Supp. 292, 296 (D.N.H.1994). The reasoning underlying this trend is summarized as follows:

> As long as state law "does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the law has some economic impact on the plan does not require that the law be invalidated." .... Even in instances where a plan might potentially be liable for a judgment, that fact alone is not enough to relate the action to the plan....
>
> Ultimately, if there is no effect on the relations among the principal ERISA enti-

ties—the employer, the plan, the plan fiduciaries, and the beneficiaries—there is no preemption.... As a corollary, actions that affect the relations between one or more of these plan entities and an outside party similarly escape preemption.

*Airparts, supra,* 28 F.3d at 1065 (citations omitted). This reasoning has facial appeal, but has not been expressly adopted by the Sixth Circuit. In the Sixth Circuit, *Zuniga* states the governing rule.

Moreover, only one of the cited cases deals with claims against nonfiduciary investment advisors, *Padeh v. Zagoria.* The other cases deal with claims against plan consultants, auditors and actuaries for wrongs not as expressly remediable under ERISA as wrongful investment advice. The *Padeh* court employed the *Airparts* reasoning, paid no heed to the existence of an ERISA remedy for wrongful investment advice, and, in any event, was not required, as this Court is, to follow *Zuniga.*

Accordingly, following *Zuniga,* and recognizing that plaintiff's state law claims are mere reformulations of the ERISA claims stated in counts I–III and seek redress of wrongs for which Congress has in ERISA provided remedies, the Court concludes the state law claims are preempted by ERISA. Whether defendant might ultimately have been determined to have been a fiduciary or not, there is no genuine issue of material fact, and defendant is entitled to summary judgment on the claims contained in counts IV through VII of the first amended complaint as well.

A judgment order consistent with this opinion shall issue forthwith.