INTERNATIONAL UNION OF BRICK-LAYERS AND ALLIED CRAFTSMEN, International Union of Bricklayers and Allied Craftsmen Local No. 5, Emil A. Parietti, Jr., Richard O'Beirne, George Frank, John Parietti, Manuel Valente and Philip Mosca, as Trustees of the Hudson Valley District Council Bricklayers and Allied Craftsmen Joint Benefit Funds, Plaintiffs,

v.

Andrew GALLANTE, Sr., Michael Cavallaro, Salvatore Mauro and Roderick Cifferi, III, Individually and as Fiduciaries of the Hudson Valley District Council Bricklayers and Allied Craftsmen Joint Benefit Funds and Hudson Valley District Council Bricklayers and Allied Craftsmen Joint Benefit Funds, Defendants.

No. 94 Civ. 3061 (WCC).

United States District Court, S.D. New York.

Sept. 4, 1996.

Rider, Weiner, Frankel & Calhelha, P.C., Newburgh, NY (Moacyr R. Calhelha, of counsel), for Plaintiffs Local No. 5, Emil A. Parietti, Jr. and John Parietti.

Gellert & Cutler, P.C., Poughkeepsie, NY (Stephen E. Ehlers, of counsel), for Defendants.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Currently pending before this court are plaintiffs' motion for reconsideration of a portion of this court's Opinion and Order dated January 30, 1996 ("January Opinion"), defendants' motion to dismiss the complaint and defendants' application for an order directing plaintiffs' counsel to provide an accounting of attorneys' fees and costs and to pay certain funds to the International Union of Bricklayers and Allied Craftsmen Local No. 5 ("Local 5"). For the reasons set forth below, defendants' motion to dismiss is granted, plaintiffs' motion is denied and defendants' application for an accounting and payment of funds is denied.

## BACKGROUND

The complex factual background of this case was described at length in the January Opinion. Familiarity with that decision is presumed, and this opinion merely summarizes briefly those facts relevant to the resolution of the pending motions. The crux of this dispute is a struggle between plaintiff Emil A. Parietti, Jr., and defendant Andrew Gallante, Sr., and their respective supporters, for control over the Hudson Valley District Council Bricklayers and Allied Craftsmen Joint Benefit Funds ("HVDC Funds").

On June 20, 1995, plaintiffs filed a second amended complaint ("complaint") that asserts twelve claims against defendants. Nine of plaintiffs' claims are based on various provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Six of those nine claims are also brought by Local 5 under pertinent sections of the Labor–Management Relations Act ("LMRA"), 29 U.S.C. §§ 185, 186. The remaining three claims are pendent state law claims.

In the January Opinion, this court decided the parties' cross-motions for summary judgment. Plaintiffs had moved for summary judgment on eight of their twelve claims. Plaintiffs' fourth, fifth and sixth claims related to their contention that the Board of Trustees ("Board") of the HVDC Funds was composed of eight members, including plaintiffs Richard O'Beirne, George Frank, John Parietti and Manuel Valente. After examining the voluminous motion papers submitted by the parties, this court concluded that the factual record had been fully developed, that there were no genuine issues of material fact relating to these claims and that summary judgment should be entered for defendants on these claims. The result of our ruling was a determination that the Board was composed of four trustees, including two plaintiffs—Philip Mosca and Emil Parietti—and two defendants—Salvatore Mauro and Roderick Ciferri.

Plaintiffs had also moved for summary judgment on their seventh and eleventh claims, which concerned a consulting contract awarded by the Board to Gallante Sr. We granted summary judgment rescinding the consulting contract. Finally, plaintiffs sought summary judgment on their eighth, ninth and tenth claims, which concerned dues check-off payments that the HVDC Funds had collected on Local 5's behalf but had failed to transfer to Local 5. We granted summary judgment directing the HVDC Funds to transmit the dues check-off payments to Local 5.

Defendants, who have asserted ten counterclaims, had moved for summary judgment on one of their counterclaims, which concerned benefit contributions that Local 5 had allegedly failed to pay to the HVDC Funds on behalf of Emil Parietti and John Parietti. We denied defendants' motion.

Following the issuance of the January Opinion, plaintiffs made a motion seeking reconsideration of the portion of our decision that resolved plaintiffs' claims concerning the composition of the Board. The parties also informed us that Gallante Sr. and Emil Parietti were running for the office of President of Local 5 and that the election would be held in late February 1996. With the parties' consent, the court tabled plaintiffs' motion for reconsideration while the parties discussed settlement and awaited the results of the election.

On March 14, 1996, defendants' counsel informed the court by telephone that Gallante Sr. had won the election and would take office as President of Local 5 on April 1, 1996. Emil Parietti resigned from the Board on March 31, 1996. Gallante Sr. subsequently appointed his son, Andrew Gallante, Jr., to take Emil Parietti's place on the Board. On April 1, 1996, Gallante Sr., Mosca and Valente—respectively, the President, Secretary–Treasurer and Vice President of Local 5—sent a letter to plaintiffs' counsel discharging that firm as counsel for Local 5 and directing it to discontinue Local 5's participation in this action. Between April 8 and April 10, 1996, plaintiffs O'Beirne, Frank, Mosca and Valente informed plaintiffs' counsel by letter that they no longer wished to pursue this action.

At a conference held on April 22, 1996, the parties informed the court that settlement negotiations had broken down. Defendants sought and obtained permission to move to dismiss the complaint on the grounds that the remaining plaintiffs no longer have standing to pursue this action and that this court no longer has subject matter jurisdiction over their claims. Defendants also informed the court that on February 12, 1996, the HVDC Funds had paid $243,755.59 in dues check-off payments to plaintiffs' counsel to be held in escrow for Local 5. By April 1, 1996, that money had been spent. Defendants requested an accounting of those funds. At the court's suggestion, plaintiffs agreed to provide one, and defendants agreed to provide an accounting of the fees that had been paid to defendants' counsel.

By letter dated April 25, 1996, plaintiffs' counsel informed defendants that the dues check-off funds had been disbursed pursuant to Emil Parietti's instructions, which were given in his capacity as president of Local 5. On February 26, 1996, $94,000 had been paid to plaintiffs' counsel for attorneys' fees and costs. On March 29, 1996, $68,755.59 had been paid to the International Union of Bricklayers and Allied Craftsmen ("International") and the remaining $81,000.00 had been paid to plaintiffs' counsel for attorneys' fees and costs. Currently, defendants seek a more detailed accounting of plaintiffs' attorneys' fees and costs and an order directing plaintiffs' counsel to pay $175,000 to Local 5. Plaintiffs have requested sanctions against defendants on the ground that defendants' application is intended solely to harass plaintiffs' counsel.

## DISCUSSION

### I. Voluntarily Dismissed Claims

Plaintiffs O'Beirne, Frank, Valente and Mosca have submitted affidavits stating that each of them wishes to discontinue the claims that he has asserted in this action. *See* Affidavit of Richard O'Beirne, dated May 1, 1996, at ¶¶ 3–4; Affidavit of George Frank, dated May 2, 1996, at ¶¶ 3–4; Affidavit of Manuel Valente, dated May 1, 1996, at ¶¶ 3–4; Affidavit of Philip Mosca, dated May 1, 1996, at ¶¶ 3–4. Accordingly, the claims asserted by these four plaintiffs are voluntarily dismissed by order of this court. *See* Fed. R.Civ.P. 41(a)(2).

Furthermore, plaintiff Local 5 has indicated that it wishes to discontinue the claims that it has asserted in this action. Under the Constitution and Bylaws of Local 5, its Management Committee, which consists of the President, Secretary–Treasurer and Vice Chairman of Local 5, has the authority to engage counsel, to bring suit and to assume the costs of any legal action in which Local 5 is involved. *See* Exhibit I, at 35–36, attached to Affidavit of Andrew T. Gallante, Sr., dated May 7, 1996. *A fortiori,* the Management Committee also has the authority to discharge counsel and to discontinue suit. Two members of the Management Commit-

tee constitute a quorum. *See id.*, at 35. Former plaintiffs Valente and Mosca, both members of Local 5's Management Committee, signed the letter from Local 5 dated April 1, 1996, that discharged plaintiffs' counsel and indicated that Local 5 wished to discontinue this action. *See* Exhibit A, attached to Gallante Aff.

Plaintiffs contend that Local 5's decision to discharge counsel and to discontinue this action is ineffective because Gallante Sr., who is the target of a number of the claims brought by plaintiffs in this lawsuit, was involved in making the decision and signed Local 5's letter of April 1 to plaintiffs' counsel. We need not examine the propriety or impropriety of Gallante Sr.'s actions in this regard because Mosca and Valente constitute a quorum of the Management Committee of Local 5 and had the authority to discharge plaintiffs' counsel and to discontinue Local 5's claims. Gallante Sr.'s participation in making this decision is immaterial for our present purposes. We therefore conclude that Local 5 has voluntarily discontinued the claims that it has asserted in this action. Consequently, Local 5's claims under ERISA and the LMRA are voluntarily dismissed by order of this court. *See* Fed.R.Civ.P. 41(a)(2).

## II.  Defendants' Motion to Dismiss

Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and to dismiss the complaint for lack of standing pursuant to Fed.R.Civ.P. 12(b)(6). As a preliminary matter, we note that motions under Rules 12(b)(1) and 12(b)(6) must be made prior to the filing of an answer, and defendants filed their answer on July 13, 1995. Furthermore, defendants have submitted materials with their motion papers that go beyond the pleadings. We therefore treat defendants' motion under Rule 12(b)(1) as a suggestion that we lack subject matter jurisdiction, *see* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 209 (1990), and defendants' motion under Rule 12(b)(6) as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b).

Only the International, Emil Parietti and John Parietti continue to assert claims against defendants in this action. The International has not filed papers opposing defendants' motion and apparently does not object to the dismissal of the complaint. Defendants argue that the complaint must be dismissed because Emil Parietti and John Parietti do not have standing to assert ERISA claims against defendants and this court does not have subject matter jurisdiction over those claims.

### A.  Plaintiffs' ERISA Claims

Under 29 U.S.C. § 1132(e), this court has subject matter jurisdiction over civil actions brought under ERISA by the Secretary of Labor, by participants or beneficiaries of benefit plans and by fiduciaries of benefit plans. Under 29 U.S.C. § 1132(a), a civil action may be brought by the Secretary of Labor, a participant, a beneficiary or a fiduciary. The Second Circuit has held that these lists are exclusive. *See Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 14 (2d Cir.1991), *cert. denied*, 505 U.S. 1212, 112 S.Ct. 3014, 120 L.Ed.2d 887 (1992); *Pressroom Unions–Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 892 (2d Cir.), *cert. denied*, 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983). The complaint alleges that Emil Parietti and John Parietti are trustees of the HVDC Funds. *See* Complaint, ¶ 5.

### 1.  Emil Parietti's Status as Trustee

■ Plaintiffs do not dispute that Emil Parietti resigned from the Board on March 31, 1996, and is no longer a trustee of the HVDC Funds. As a former trustee, Emil Parietti lacks standing to assert claims under ERISA. *See Blackmar v. Lichtenstein*, 603 F.2d 1306, 1310 (8th Cir.1979) (holding that plaintiff, who was trustee when filed suit but was dismissed by employer while action was pending, lacked standing to assert ERISA claims); *see also Chemung*, 939 F.2d at 14–15 (discussing *Blackmar* with approval). Furthermore, while this court has subject matter jurisdiction over ERISA claims asserted by the fiduciaries of benefit plans,

Emil Parietti is no longer a fiduciary of the HVDC Funds, and we lack subject matter jurisdiction over his ERISA claims. *Cf. Pressroom*, 700 F.2d at 892–93.

Plaintiffs have informed the court that Emil Parietti filed a protest concerning various alleged irregularities in the election held on February 24, 1996, and that there is a possibility that a rerun election may be held. Plaintiffs assert that we should deny defendants' motion because if that rerun election is held, Emil Parietti may be reelected President of Local 5 and may reappoint himself a trustee of the HVDC Funds. At this juncture, plaintiffs' assertion appears to be little more than wishful thinking, and we will not deny defendants' motion on this basis. If, however, a rerun of the February 24, 1996, election for the position of President of Local 5 takes place and if Emil Parietti is elected President of Local 5 and reappoints himself as a trustee of the HVDC Funds, he may bring these events to the court's attention, and we will consider whether it would be appropriate to reinstate his claims.

2. John Parietti's Status as Trustee

■ In the January Opinion, we held that the Board was composed of four members, rather than eight. As a result, we determined that John Parietti was not a trustee of the HVDC Funds. Plaintiffs' motion for reconsideration of that portion of the January Opinion is currently pending. Plaintiffs contend that it is therefore an open question whether John Parietti is a trustee of the HVDC Funds. Consequently, in order to determine whether we may have subject matter jurisdiction over the ERISA claims asserted by John Parietti, we must decide plaintiffs' motion for reconsideration.

■ Plaintiffs have moved for reconsideration under Fed.R.Civ.P. 60(b), which applies only to motions for relief from a *final* judgment, order or proceeding. The January Opinion granted summary judgment on only a portion of plaintiffs' claims, however. Absent the entry of partial final judgment under Fed.R.Civ.P. 54(b), which has not occurred in this case, the January Opinion is an interlocutory order, and Rule 60(b) is inapplicable. Plaintiffs' motion is instead addressed to this court's inherent power to modify its orders at any time before the entry of judgment. *See* Fed.R.Civ.P. 54(b).

■ The court's exercise of its power to reconsider its own interlocutory decisions is guided by the strictures of the law of the case doctrine. *See Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992). Although the Second Circuit has explained that the application of this doctrine is discretionary, it has stated that "'where litigants have once battled for the court's decision,' they should neither be required, nor without good reason permitted, to battle for it again." *Id.* (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964)). The major grounds that justify reconsideration are: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic*, 956 F.2d at 1255 (internal quotation omitted).

Plaintiffs do not contend that there has been any change in the controlling law since we issued the January Opinion. Plaintiffs' argument in favor of reconsideration centers instead on a particular piece of evidence that plaintiffs submitted to the court in support of their motion for summary judgment: the minutes of the February 13, 1991, meeting of the Board, which received specific mention in the January Opinion. In reaching our decision that the Board was composed of four members, we determined that although four additional trustees were "appointed" to the Board in 1991 and participated in the Board's affairs without objection for over two years, the trustees never executed the written amendment to the HVDC Funds' trust agreements that was required to expand the Board from four members to eight. We rejected plaintiffs' argument that the minutes of the Board's meetings provided a sufficient written record of the Board's intention to expand its membership to constitute an amendment to the trust agreements. In particular, we noted that no trustee had signed the minutes of the February 13, 1991, Board meeting at which the Board recognized the

"appointment" of two additional management trustees. Furthermore, only some of the duly appointed trustees signed the minutes of the May 28, 1991, Board meeting at which the Board acknowledged the "appointment" of two additional union trustees. We intimated, however, that if all of the duly appointed trustees had signed the minutes of both of those meetings, we might have concluded that the trust agreement had been amended to provide for eight trustees.

Plaintiffs argue that we should reconsider our decision because a question of fact exists concerning whether the minutes of the February 13 meeting were signed by all of the duly appointed trustees. Plaintiffs assert that despite their repeated requests for discovery of the minutes of all Board meetings containing information relating to the composition of the Board, they never received the original minutes of the February 13 meeting. Plaintiffs state that because they were unable to obtain a copy of the original minutes of that particular meeting through discovery, they submitted an unexecuted copy of those minutes, which was in the possession of one of the plaintiffs, to the court in support of their summary judgment motion. Plaintiffs did not inform the court of their unsatisfied document demand when they filed their motion for summary judgment. Instead, plaintiffs' Rule 3(g) statement described the document in question as "a true copy of the official minutes of the February 13, 1991 meeting of the [HVDC] Funds' trustees." *See* Plaintiffs' Rule 3(g) Statement, dated Sept. 22, 1995, at ¶ 23. Plaintiffs now contend that they did not apprise the court of the discovery dispute because they did not anticipate the significance that we would attach to the minutes of the February 13 meeting.[1]

Plaintiffs are not entitled to reconsideration of our prior decision on this ground. First, plaintiffs have not demonstrated that new evidence has become available. Plaintiffs have done nothing more than to assert

that the original minutes of the February 13 meeting might have been signed by all of the duly appointed trustees of the HVDC Funds and might be in defendants' possession. Plaintiffs' counsel bases this assertion solely on the fact that, in his experience, the trustees of benefit funds usually review, approve and sign the minutes of the previous meeting at the next meeting. Notably, however, neither O'Beirne nor Frank, each of whom was a plaintiff in this case and a client of plaintiffs' counsel at the time that plaintiffs filed their motion for reconsideration, has submitted an affidavit stating that any, much less all, of the duly appointed trustees signed the minutes of the February 13 meeting, even though both O'Beirne and Frank attended the meeting at which the Board approved those minutes. *See* Exhibit B, at 1, attached to Affidavit of Moacyr R. Calhelha, dated Feb. 16, 1996. Speculation by plaintiffs' counsel simply does not amount to new evidence, nor is it sufficient to create an issue of fact concerning whether the minutes of the February 13 meeting were signed by the HVDC Funds' trustees.

Furthermore, it was certainly not clear error for this court to reach the conclusion that it did concerning the composition of the Board on the basis of the record before us on plaintiffs' motion for summary judgment. Nor is reconsideration of our ruling necessary to prevent manifest injustice to plaintiffs. Plaintiffs emphasize that the January Opinion granted summary judgment on this issue in favor of the nonmoving party. Plaintiffs assert that if they had been aware that we were contemplating such an action, they would have drawn our attention to their unsatisfied document demand. We might have some sympathy for this position, were it not for the fact that plaintiffs represented to this court that the copy of the minutes of the February 13 meeting that they submitted to the court was a true copy of the official minutes of that meeting. Plaintiffs, who moved for summary judgment at a point in

---

1. Plaintiffs have not made a motion for reargument under Local Rule 3(j). In order to prevail on such a motion, the moving party must demonstrate that the court overlooked controlling decisions or factual matters that might have materially influenced the earlier decision. *See Violette v.*

*Armonk Assocs.*, 823 F.Supp. 224, 226 (S.D.N.Y. 1993). As we could not have "overlooked" information about the minutes of the February 13 meeting that was not in the record, plaintiffs would not succeed on a motion under Local Rule 3(j).

this case when they believed that it was to their advantage to do so, made a representation to the court that is, at best, somewhat misleading. They now seek to retract that representation in an effort to obtain a more favorable ruling. While this court is fully cognizant that we must take care not to act unfairly or prematurely in granting summary judgment for a nonmoving party, the result that we reached in the January Opinion is not manifestly unjust under these circumstances.

Accordingly, plaintiffs' motion for reconsideration of the portion of our January Opinion that determined the composition of the Board must be denied. As this court has now decided plaintiffs' motion for reconsideration in defendants' favor, plaintiffs' argument that John Parietti may be a trustee of the HVDC Funds must fail. Therefore, John Parietti does not have standing as a trustee of the HVDC Funds to assert ERISA claims, and this court does not have subject matter jurisdiction over his claims on that basis.

### 3. Emil Parietti and John Parietti's Status as Participants

Although the complaint contains no such allegations, plaintiffs also contend that Emil Parietti and John Parietti may have standing to sue, and this court may have subject matter jurisdiction over their claims, as a result of their possible status as participants in the HVDC Funds. This argument is not persuasive.

Emil Parietti and John Parietti are employees of Local 5, which was created in 1994 when the International consolidated a number of smaller local unions. Before the creation of Local 5, Emil Parietti and John Parietti were employees of Local 29, one of Local 5's predecessors, and Local 29 made benefit contributions on their behalf to the benefit funds associated with Local 29 ("Local 29 Funds"). A merger of the HVDC Funds and the Local 29 Funds was first contemplated in 1993 but has never taken place. It is undisputed that Local 5 has made, and continues to make, benefit contributions for Emil Parietti and John Parietti to the Local 29 Funds. Defendants have asserted a counterclaim for those benefit con-

tributions, which defendants contend plaintiffs should have made to the HVDC Funds. Defendants sought summary judgment on this claim. In the January Opinion, this court denied defendants' motion on the ground that questions of fact existed concerning whether Local 5 should have made benefit contributions for Emil Parietti and John Parietti to the Local 29 Funds or to the HVDC Funds.

Plaintiffs contend that this court's decision indicates that questions of fact also exist concerning whether Emil Parietti and John Parietti may be participants in the HVDC Funds. The January Opinion, however, held only that there were questions of fact concerning whether Local 5 should have made benefit contributions for Emil Parietti and John Parietti to the HVDC Funds; there is no dispute that Local 5 in fact paid those contributions to the Local 29 Funds and that Emil Parietti and John Parietti are entitled to receive benefits from the Local 29 funds. Therefore, it is clear that Emil Parietti and John Parietti are currently participants in the Local 29 Funds. Consequently, they do not have standing as participants to assert claims relating to the HVDC Funds, and this court does not have subject matter jurisdiction over their claims on this basis.

Plaintiffs also argue that Emil Parietti and John Parietti may have standing, and this court may have subject matter jurisdiction over their claims, because the Local 29 Funds and the HVDC Funds may soon merge and Emil Parietti and John Parietti may become participants of the HVDC Funds. The merger has yet to occur, although it was first discussed approximately three years ago. Plaintiffs' contention that it may take place in the near future appears to be speculative at best.

In sum, the ERISA claims asserted by Emil Parietti and John Parietti must be dismissed for lack of subject matter jurisdiction and for lack of standing.

### B. Plaintiffs' Pendent State Law Claims

Because plaintiffs' federal claims have either been voluntarily discontinued or dismissed for lack of subject matter jurisdiction

204

and lack of standing, this court declines to exercise supplemental jurisdiction over plaintiffs' pendent state law claims. *See* 28 U.S.C. § 1367(c)(3). Therefore, these claims are dismissed.

### III. Defendants' Application for Accounting and Payment

 In the January Opinion, we directed the HVDC Funds to pay to Local 5 the dues check-off payments that the HVDC Funds had failed to transmit to Local 5. On February 12, 1996, the HVDC Funds complied with our order and, pursuant to instructions given by Emil Parietti in his capacity as President of Local 5, transmitted $243,755.59 to plaintiffs' counsel to be held in escrow for Local 5. Emil Parietti authorized the payment of $68,-755.59 to the International and $175,000 to plaintiffs' counsel. Plaintiffs' counsel has stated that the payments to his law firm were for attorneys' fees and costs incurred on behalf of Local 5.

Defendants do not contest the propriety of the payment made to the International. They challenge, however, Emil Parietti's authority to authorize the payment of $175,000 to plaintiffs' counsel. They also contend that it is inappropriate for Local 5 to pay the legal fees of all of the plaintiffs because Local 5 received little benefit from this litigation. They seek an order directing plaintiffs' counsel to provide a more detailed accounting of its fees and costs and to repay $175,000 to Local 5.

Defendants' application is denied. If the current leadership of Local 5 believes that Local 5 has a claim against Emil Parietti and plaintiffs' counsel for improper payment of legal fees and expenses, it may of course pursue that claim. Such a dispute is, however, well beyond the scope of the claims that have been asserted in this action, and we will not attempt to resolve it here.

Plaintiffs have sought sanctions against defendants for making this application, which plaintiffs contend is designed solely to harass plaintiffs' counsel. We have considered plaintiffs' request and conclude that an award of sanctions is not warranted.

### IV. Defendants' Counterclaims

Defendants have represented to this court that they intend to withdraw their counterclaims voluntarily if no appeal is filed from this decision. We therefore dismiss defendants' counterclaims, subject to reinstatement, if appropriate, upon notice from defendants' counsel that plaintiffs have filed a timely notice of appeal from this decision.

### CONCLUSION

Because plaintiffs' federal claims have been voluntarily discontinued or have been dismissed for lack of subject matter jurisdiction and lack of standing, and because this court has declined to exercise supplemental jurisdiction over plaintiffs' pendent state law claims, plaintiffs' second amended complaint is dismissed. Defendants' counterclaims are also dismissed, subject to reinstatement, if appropriate, upon an application from defendants' counsel stating that plaintiffs have filed a timely notice of appeal from this decision. Plaintiffs' motion for reconsideration is denied. We also deny defendants' application for an order directing plaintiffs' counsel to provide an accounting of its fees and costs and to pay $175,000 to Local 5. Finally, plaintiffs' application for sanctions is denied. SO ORDERED.